Matter of Raziya P. (Damion P.) (2025 NY Slip Op 01371)

Matter of Raziya P. (Damion P.)

2025 NY Slip Op 01371

Decided on March 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
PHILLIP HOM, JJ.

2022-02362 
2022-02363
 (Docket No. N-12496-20)

[*1]In the Matter of Raziya P. (Anonymous). Administration for Children's Services, respondent; 
and
Damion P. (Anonymous), appellant. Jill M. Zuccardy, New York, NY, for appellant.

Muriel Goode-Trufant, Corporation Counsel, New York, NY (Ingrid R. Gustafson and Benjamin H. Pollak of counsel), for respondent.
Liberty Aldrich, Brooklyn, NY (Janet Neustaetter and Eva D. Stein of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the father appeals from (1) an order of fact-finding of the Family Court, Kings County (Elizabeth Barnett, J.), dated October 27, 2021, and (2) an order of disposition of the same court (Michael R. Milsap, J.) dated March 22, 2022. The order of fact-finding, after a fact-finding hearing, found that the father neglected the subject child. The order of disposition, upon the order of fact-finding and after a dispositional hearing, released the subject child to the custody of the nonrespondent mother.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as the order of fact-finding was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the appeal from so much of the order of disposition as released the subject child to the custody of the nonrespondent mother, is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
"At a fact-finding hearing in a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of establishing, by a preponderance of the evidence, that the subject child has been abused or neglected" (Matter of Nash D. [Daniel D.], 224 AD3d 749, 750; see Family Ct Act § 1046[b][i]). "The Family Court's findings with respect to credibility are entitled to great weight" (Matter of Desiree P. [Michael H.], 149 AD3d 841, 841). "Where, as here, 'the hearing court is presented with sharply conflicting accounts regarding the subject events, and chooses to credit the testimony of certain witnesses over that of others, its determination will not be disturbed [*2]unless clearly unsupported by the record'" (Matter of Skyli V. [Jamol V.—Shaneka E.], 224 AD3d 913, 915, quoting Matter of Shalom A. [Codjo A.], 215 AD3d 825, 827).
Here, contrary to the father's contention, the evidence adduced at the fact-finding hearing was sufficient to prove, by a preponderance of the evidence, that he neglected the subject child by inflicting excessive corporal punishment on her and committing domestic violence while she was nearby (see Family Ct Act § 1046[b][i]; Matter of Alivia F. [John F.], 194 AD3d 709, 712; Matter of Noah N. [Herold N.], 184 AD3d 733, 734).
The father's remaining contention is without merit.
IANNACCI, J.P., CHRISTOPHER, DOWLING and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court